<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| HAKAN CAKAN,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>LUIS SOTO, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 2:26-cv-08167 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

　　Before the Court is Petitioner Hakan Cakan's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed an answer (ECF No. 5), and Petitioner replied (ECF No. 6). Having reviewed and considered the parties' submissions filed in connection with the Petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below, Petitioner's Petition is **DENIED**.

**I.　BACKGROUND**

　　Petitioner, a citizen of Turkey, unlawfully entered the United States and on September 15, 2022, encountered a border patrol agent. (ECF No. 5 at 1.) On September 20, 2022, immigration officials processed Petitioner as an expedited removal, pending final disposition. (*Id.*; ECF No. 5-2.) On September 26, 2022, Petitioner claimed a credible fear of returning to his home country and was subsequently released into the country on parole. (*Id.*; ECF No. 5-3.) On October 16, 2022, Petitioner was issued Notice to Appear. (*Id.* at 1–2; ECF No. 5-4.)

On December 12, 2024, and immigration judge ("IJ") ordered Petitioner removed, and denied most of Petitioner's applications, but granted withholding of removal and protection under the Convention Against Torture. (*Id.* at 2; ECF No. 5-5.)

On May 4, 2026, Petitioner was arrested by the Mahwah Township Police Department for multiple fraud offenses. (*Id.*; ECF No. 5-6; ECF No. 5-7.) Subsequently, on May 6, 2026, Petitioner was arrested by the Newark Police Department for theft by deception in violation of N.J.S.A. § 2C:20-4. (*Id.*; ECF No. 5-6; ECF No. 5-8.) Finally, Petitioner was arrested for the offense of theft by unlawful taking in violation of N.J. Stat. Ann. § 2C:20-3(a). (*Id.*; ECF No. 5-8.)

On May 13, 2026, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner. (*Id.*)

On July 3, 2026, Petitioner filed the Petition challenging his detention under 8 U.S.C. § 1231(a). (ECF No. 1.) Respondents filed an answer. (ECF No. 5.) Petitioner replied. (ECF No. 6.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

2

**III.   DECISION**

In the Petition, Petitioner argues his detention under 8 U.S.C. § 1231(a) is unlawful and violates his due process rights. (*See generally id.*)

Petitioner has a final order of removal. The record shows that on December 12, 2024, an IJ ordered Petitioner removed. (ECF No. 5-5.) Petitioner has been subject to a final order of removal since that time.

Section 1231 states in relevant part that "when a[] [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (citation omitted)).

> The removal period begins on the latest of the following:
>
> (i)  The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.
>
> (iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's 90-day mandatory "removal period" concluded March 12, 2025, 90 days after his order of removal became administratively final on December 12, 2024. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

Petitioner's detention—measured from his May 13, 2026 detention—falls far short of six months, rendering his claim premature.

Additionally, the Court lacks jurisdiction to consider Petitioner's claims regarding the arbitrariness of his re-detention or cancellation of his release without process. This Court cannot participate in, or facilitate, a review of the merits of a removal order. Instead, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," related to a removal order is exclusively available with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision). "[W]hen [noncitizens] can get review later—by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a [petition for review] to a court of appeals—they must do so." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

"A now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a [petition for review]. It is not enough to assert an injury that cannot be remedied later." *Id.* at 274–75 (emphasis in original). Petitioner's claims of wrongful

4

detention depend on whether he may be removed from the United States, which is a question that can be answered in a petition for review.

> [O]ur legal system routinely forces petitioners—even those with meritorious claims—to wait to raise their arguments. Consider an innocent defendant who was convicted of a serious crime and imprisoned because his trial lawyer was ineffective. His detention is wrongful: He did not actually commit the crime. But that does not entitle him to seek immediate release through habeas; first, he must exhaust his direct appeal.

*Id.* at 275. On the facts before this Court, Petitioner's wrongful detention claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Id.* at 274 (quoting *Ozturk v. Hyde*, 155 F.4th 187, 189, 191–92 (2d Cir. 2025) (Menashi, J., concurring in denial of rehearing en banc)). Therefore, the Court lacks jurisdiction over the Petition pursuant to §§ 1252(a)(5), (b)(9).

## IV.   CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2026

5